ILLINOIS EMERGENCY RELIEF COMMISSION, No. 25.

DAN DUNBAR, Claimant, *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed August 23, 1937.*

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you in the matter of the claim of *Dan Dunbar* vs. *Illinois Emergency Relief Commission,* the following Opinion is rendered, based upon the aforementioned statement:

We find that at the time of the accident in question, both employer and employee were operating under and bound by the provisions of the Illinois Workmen's Compensation Act; that said accident arose out of and in the course of such employment.

The statement of facts submitted herein disclose that claimant was assigned to various duties as a carpenter, working approximately eight hours per day and receiving for his services Ten and 50/100 ($10.50) Dollars per week; that on April 16, 1934 while employed on a Project for the Illinois Emergency Relief Commission at 1304 Indiana Avenue, Chicago, Illinois, a scaffold, upon which claimant was standing, broke, resulting in his falling about twelve feet, striking his right knee, hip and shoulder.

First-aid was rendered at St. Luke's Hospital and he was thereafter confined to his home until May 31, 1934. Except for his own statement that he was unable to do any work until September 15, 1934, the only evidence in the record of continued disability is to the effect that same terminated May 31st. If the evidence remaining in your files or your further investigation discloses that claimant was actually prevented by such accident from pursuing his usual and customary labors until September 15, 1934, he would be entitled under the terms of the Workmen's Compensation Act to One Hundred Fifty-Three and 75/100 ($153.75) Dollars, and you would therefore be fully justified under the terms of the Workmen's

Compensation Act in making settlement with him in the sum of One Hundred Thirty-One and 25/100 ($131.25) Dollars, that being the amount which he and his attorney have, according to your statement, agreed to accept in full settlement for injuries and loss of time resulting from such accident. Without such evidence and proof, and in the absence of a showing as to partial disability, the right to an award for temporary total disability would terminate May 31st, and would cover a period of six and one-half (6½) weeks, for such temporary total disability, in the sum of Forty-Eight and 75/100 ($48.75) Dollars.

Any settlement made should be from funds allocated to the Illinois Emergency Relief Commission available for such purposes, and if settlement is made it should be conditioned upon the dismissal of the case of *Dan Dunbar* vs. *State*, C. of C., No. 2516.